UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**Ellis James Phillips,**                                                    Case No. 3:23-cv-00780-CL

        Claimant,                                                         **ORDER**

v.

**Commissioner Social Security**
**Administration,**

        Defendant.

---

**CLARKE,** United States Magistrate Judge.

      Claimant's attorney moves under 42 U.S.C. § 406(b) for approval of attorneys' fees in the amount of $30,451. ECF No. 13. The Commissioner does not have a position on the motion.

      Section 406(b) "authorizes [attorney] fees payable from the successful party's recovery." *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). The attorney fees may not exceed twenty five percent of the claimant's benefit. 42 U.S.C. § 406(b). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. When testing for reasonableness, courts "have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. Reviewing courts "should disallow 'windfalls for lawyers.'" *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989)).

Prevailing claimants are often also entitled to recover attorney fees under the Equal
Access Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), which provides attorney fees to
prevailing parties in certain suits against the government. EAJA fees, unlike 406(b) fees, do not
reduce the past due benefits the prevailing claimant receives. *Gisbrecht*, 535 U.S. at 802. EAJA
fees come out of the government's pocket rather than the claimant's past due benefits. When a
prevailing claimant applies for an EAJA award and a § 406(b) award, the "EAJA award offsets
an award under Section 406(b), so that the amount of the total past-due benefits the claimant
actually receives will be increased by the EAJA award up to the point the claimant receives 100
percent of the past-due benefits." *Id.* at 796 (quotation marks, brackets, and ellipses omitted).

In the present case, pursuant to a contingency fee agreement with her client, Claimant's
attorney moves under § 406(b) to recover $30,451. This amount equals twenty five percent of the
past due benefits owed to Claimant. Claimant's counsel notes that she "is a solo practitioner and
made a calendaring error which resulted in" her missing the deadline to apply for EAJA fees.
Mot. for Fees at 7 n.2, ECF No. 13. But for this mistake, Claimant's EAJA award would have
offset the § 406(b) award, increasing the benefit Claimant receives by $5,907.60. ECF No. 13-2
(Claimant's attorney's time records and hourly rate). The Court is sensitive to the heavy
caseloads carried by social security claimants' attorneys. The record before the Court
demonstrates that Claimant's attorney provided excellent representation and nothing in this
Order shall suggest otherwise. However, Claimant should not bear the burden of her attorney's
calendaring error, which would amount to a "windfall for [the] lawyer[ ]." *Gisbrecht*, 535 U.S. at
808 (quoting *Rodriquez*, 865 F.2d at 747)).

Applying the standards set by *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Court has
reviewed the record in this case and finds that the requested fee of $30,451 is unreasonable

because it fails to reduce the amount of the award that would have been offset by the EAJA award of $5,907.60, but for Claimant's attorney's error. The Court reduces the § 406(b) award accordingly.

Pursuant to 42 U.S.C. § 406(b), the Court awards $24,543.40 ($30,451 less $5,907.60) which shall be payable and sent to Claimant's attorney, Betsy Shepherd.

DATED this 24 day of October, 2025.

MARK D. CLARKE
United States Magistrate Judge